## Sheehan Unemployment Compensation Case.

Argued December 16, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Ralph P. Carey,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., March 24, 1966:

Annette Sheehan was last employed by Hoffman Brothers Lingerie, 334 Adams Avenue, Scranton, Pennsylvania, as a sewing machine operator. Her final day of work was June 8, 1964, on which date she had a valid separation. Her application for benefits was disallowed by the Bureau of Employment Security, the Referee and the Board of Review on the ground that she had

failed without good cause to properly pursue a referral to a suitable job with Christian Tyler, 515 Mulberry Street, Scranton, Pennsylvania, and was therefore disqualified under the provisions of Section 402(a) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that, on August 3, 1964, Mr. Morris of the Pennsylvania State Employment Service offered appellant a job referral with Christian Tyler. The ensuing developments are set forth in a written statement signed by appellant on August 17, 1964, as follows: "On 8-3-64 I was to report to Christian Tyler for a job as a sewing machine operator at $1.25 an hour. I went on the interview but I couldn't get into the building. I then called Mr. Morris and explained to him what happened. He told me to call the employer and I decided to go and look for a job on my own. I went to Hyde Park Sportswear and I was hired to start on 8-10-64. I then went to see my Union man and he said that I shouldn't take it as it was Amalgamated Union and I belong to I.L.G.U. I then called up Mr. Morris and told him what happened. I decided not to take that job as I am in I.L.G.W.U. 25 years. I am able and available for full time work".

The Board of Review made, inter alia, the following finding of fact: "4. The claimant called the local office and informed them she was unable to gain entrance to the plant. Claimant was informed to call the prospective employer on the telephone, however, she failed to do so". This finding is supported by the record. It justifies the Board's conclusion that appellant's failure to contact Christian Tyler by telephone, as she was instructed to do, "is not commensurate with the dictates of good faith". Cf. *Brilhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 49 A. 2d 260. It should be noted that appellant was also subject to dis-

qualification by reason of her refusal to accept employ-
ment with Hyde Park Sportswear. We perceive no
merit in the instant appeal.

Decision affirmed.